**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-20795-BLOOM/Elfenbein**

CHERYL DIAZ,

     Plaintiff,

v.

MIAMI-DADE COUNTY and
MAJOR BENNY SOLIS,

     Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Cheryl Diaz's ("Plaintiff") Motion to Alter or Amend Judgment and for Reconsideration of Order Granting Summary Judgment ("Motion"), ECF No. [58]. Defendants Miami-Dade County and Major Benny Solis ("Defendants") filed a Response in Opposition, ECF No. [62], to which Plaintiff filed a Reply, ECF No. [63]. The Court has reviewed the Motion, related submissions, applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

Plaintiff filed this employment discrimination action in February 2025. ECF No. [1]. In November 2025, Defendants moved for summary judgment on all counts. ECF No. [38]. In December 2025, in connection with her Response to Defendants' Motion for Summary Judgment, Plaintiff filed Plaintiff's Index of Exhibits, which referenced a "Dropbox folder" containing the exhibits cited in Plaintiff's Declaration. ECF No. [45]. On March 23, 2026, the Court ordered Plaintiff to file via CM/ECF or conventional filing any exhibits she wanted the Court to consider by close of business that day. ECF No. [55]. By March 25, 2026—two days later—Plaintiff had

not filed the exhibits, nor had she moved for an extension of time in which to do so. Accordingly, the Court issued an Order on Defendants' Motion for Summary Judgment, finding that dismissal of all counts was warranted. ECF No. [56]. Later that day, Plaintiff submitted certain exhibits. ECF No. [57].

In April 2026, Plaintiff filed the instant Motion, arguing that the Court erred in resolving the Motion for Summary Judgment without Plaintiff's exhibits and that, regardless of those exhibits, the Court's decision contained "manifest errors of law and fact." ECF No. [58] at 1. The Motion is now fully briefed.

## II.    LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F.

2

Supp. 2d 1284, 1292–93 (S.D. Fla. 2012). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1

(S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III.   DISCUSSION

Plaintiff raises two primary arguments. First, Plaintiff argues that the Court erred in not considering the exhibits that Plaintiff ultimately filed. ECF No. [58] at 1. Second, Plaintiff argues that even without those exhibits, summary judgment was improper. *Id.* at 7–18. The Court considers these issues one at a time.

#### A.   Whether the Court Should Have Considered Plaintiff's Late-Filed Exhibits

Plaintiff's first basis for reconsideration is that the Court erred in making its decision without the benefit of Plaintiff's 1,200 exhibits. ECF No. [58] at 1. Specifically, Plaintiff argues that because the Dropbox link was on file for three months without objection and the Court gave Plaintiff less than one day to appropriately file the exhibits, "Plaintiff was deprived of the opportunity to have her full evidentiary record considered through circumstances entirely beyond her control. *Id.* at 6–7.

Defendants respond that Plaintiff attempts to blame the Court and Defendants for her own failure to timely file documents in compliance with procedural rules. ECF No. [62] at 2. Moreover, reconsideration is not warranted because "Plaintiff had more than three months to properly submit its summary judgment evidence, and this Court did not create any confusion about the deadlines for Plaintiff's filings." *Id*. Thus, "Plaintiff should not be allowed to use Rule 59(e) to add or

reformat evidence that was not properly before the court when it ruled." *Id.* at 3.

Plaintiff replies that her exhibits were timely submitted, but the practical problem arose with the Court's Order requiring Plaintiff to refile the exhibits. ECF No. [63] at 1–2. Rather than "gamesmanship, sandbagging, or a post-judgment attempt to create a new record," this represented "a good-faith effort to cure a filing-format issue after a same-day directive." *Id.* at 2. Plaintiff argues that a technical filing mistake should not result in judgment on all claims without consideration of Plaintiff's evidence. *Id.* at 3.

As an initial matter, as this District's Case Management/Electronic Case Filing Administrative Procedures make clear, "[a] hyperlink reference is extraneous to any filed document and is not part of the Court's record." U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, *CM/ECF Administrative Procedures*, 3G(4), https://www.flsd.uscourts.gov/sites/flsd/files/25-06-26%20CMECF%20Administrative%20Procedures%20-%20effective%201 2-1-2025%20-%20FINAL.pdf (effective December 1, 2025). Several other courts confronting similar situations have found that a hyperlink is not a substitute for filing evidence. *See, e.g.*, *Polywad, Inc. v. Able's Sporting, Inc.*, No. 5:23-CV-00512-TES, 2024 WL 1744068, at *2 n.3 (M.D. Ga. Apr. 23, 2024); *List Indus., Inc. v. List*, No. 217CV2159JCMCWH, 2017 WL 3749593, at *2 (D. Nev. Aug. 30, 2017); *Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 1621076, at *2 (W.D. Wash. Apr. 15, 2024); *Heaton v. Gonzales*, No. CV 21-463 JCH/KK, 2022 WL 843892, at *8 (D.N.M. Mar. 22, 2022); *Barnett v. Acker*, No. 25-CV-6174 (CS), 2025 WL 2855629, at *5 n.7 (S.D.N.Y. Oct. 8, 2025). The CM/ECF Administrative Procedures provide that, if Plaintiff's exhibits were too large to file as one submission, the proper protocol was to "save[] and transmit[ the document] in segments or attachments not exceeding 50 megabytes." U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, *CM/ECF Administrative Procedures*, 3G(3),

5

https://www.flsd.uscourts.gov/sites/flsd/files/25-06-26%20CMECF%20Administrative%20Procedures%20-%20effective%2012-1-2025%20-%20FINAL.pdf   (effective   December   1, 2025).

Moreover, notwithstanding the Court's deadline to properly submit the relevant exhibits, the Court did not rule on the Defendant's Motion for Summary Judgment until two days later, providing Plaintiff ample time to either file the relevant exhibits or otherwise indicate to the Court that they were forthcoming. The *Pioneer* factors do not apply, because unlike in *Glover v. City of Pensacola*, 372 F. App'x 952, 955 (11th Cir. 2010), the Court did not have late-filed evidence at its disposal that it ignored when rendering its summary judgment decision. Rather, Plaintiff failed to file the evidence two days later. In other words, it was not that the Court declined to consider late-filed evidence that it had available; instead, the Court made a decision, after waiting two extra days, to proceed without the claimed evidence, taking Plaintiff's failure to file the exhibits as a concession that Plaintiff did not seek to make the exhibits part of the record.

Finally, and most significantly, although Plaintiff asserts that the Court's decision to issue its summary judgment decision before receiving some of Plaintiff's exhibits was clear error or manifest injustice, Plaintiff fails to assert that this lack of consideration resulted in the Court misunderstanding Plaintiff, the decision was outside the adversarial process, or an apprehension of law or fact. *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012). In other words, Plaintiff does not explain how the Court's decision in the absence of those exhibits resulted in the Court misapprehending the law or the facts. There was no factual contention or argument by Plaintiff that the Court declined to consider based on the lack of those exhibits at its disposal, so there was no impact on the Court's legal reasoning.

The Court declines to reconsider its Order based on the argument that its failure to consider

Plaintiff's improperly filed exhibits constituted clear error or manifest injustice.

### B.  Whether the Court Erred Based on the Evidentiary Record Before It

Plaintiff argues that even without those exhibits, summary judgment was improper due to (1) Plaintiff's above-satisfactory evaluations in both cycles preceding removal; (2) chronology that establishes or at least supports an inference of causation; (3) the strength of Plaintiff's comparator evidence; (4) the director's contemporaneous finding that removal of Plaintiff from duty would have been baseless; and (5) Plaintiff's contemporaneous written statement attributing the discipline to retaliation. *Id.* at 7–10. Plaintiff specifically argues that the Court overlooked two instances of protected activity, weighed comparator and circumstantial evidence rather than viewing the mosaic as a whole, improperly treated the alleged intervening misconduct as breaking causation as a matter of law, and failed to recognize that the aggregate record presents a convincing mosaic. *Id.* at 12–18.

Defendants respond that Plaintiff's Motion "impermissibly re-hashes old arguments the Court has already considered and rejected in its thorough, well-reasoned summary judgment order." ECF No. [62] at 3.

Plaintiff replies that rather than relitigating old arguments, she is pointing out manifest errors of law or fact. ECF No. [63] at 4. Specifically, Plaintiff argues that her March 10, 2023 email was protected activity, that the temporal proximity between complaints and discipline creates jury issues, that the whole record would permit a jury to infer discrimination or retaliation, and that Defendants' arguments about hearsay and self-serving evidence do not justify summary judgment. *Id.* at 4–9.

The Court addresses Plaintiff's arguments one at a time. By and large, Plaintiff merely disagrees with the Court's analysis and rehashes previous arguments. For instance, the Court expressly noted and considered Plaintiff's above-satisfactory evaluations in the cycles preceding

removal. ECF No. [56] at 45. The Court simply found that, even with those evaluations in mind, no jury could find discrimination or retaliation in light of the totality of the facts, in particular Plaintiff's intervening acts of misconduct. *Id.* at 51–52. As to the chronology of events, the Court analyzed this matter in depth and did not agree with Plaintiff that it supported a finding of discrimination or retaliation; Plaintiff merely reiterates the timeline she previously submitted to the Court and does not point to legally cognizable errors in the Court's ruling. *Id.* at 46–52. With respect to Plaintiff's comparator evidence, the Court thoroughly analyzed its relevance to the case, finding the purported comparators "simply too different to support a finding of racial discrimination," *id.* at 39, or, in the case of Jenna Parmentor, reflective of *preferential* treatment of people in Plaintiff's protected classes. *Id.* at 35. As to Plaintiff's claim that her opposition to the statement of facts demonstrates that, during the incident in which Plaintiff called her captain "sweetie," the Director ordered the captain not to relieve Plaintiff, the Court has located nothing in Plaintiff's responsive statement of facts to this effect. As such, the Court does not find this to be a basis for reconsideration.[1] And as to Plaintiff's contemporaneous written statement attributing the discipline to retaliation, it is not clear how this evidence changes the Court's analysis. There is no doubt that Plaintiff subjectively believes disciplinary actions taken against her constitute retaliation. Evidence that Plaintiff held this subjective belief at the time of the events does not change whether the events, as a matter of law, do in fact constitute retaliation. In sum, all of the purported errors in the Court's reasoning are, in reality, mere disagreements with the Court's conclusions or attempts to re-argue how the Court should interpret evidence.

Plaintiff's remaining arguments are generally equally unavailing. Plaintiff argues that the

---

[1] Notably absent from Plaintiff's Motion are citations to the record, which makes it difficult for the Court to identify individual pieces of evidence to which Plaintiff refers.

March 10, 2023 complaint constituted protected activity. ECF No. [58] at 11–12. The Court directly addressed this issue and disagreed with Plaintiff. ECF No. [56] at 47–48. Plaintiff now raises issues she sees in the Court's reasoning, but the relevant standard to warrant reconsideration is to identify that the Court "has made an error not of reasoning, but of apprehension." *Campero USA Corp.*, 916 F. Supp. 2d at 1292–93. Plaintiff fails to point to facts or law that the Court misapprehended.

Plaintiff also argues that the Order weighed comparator and circumstantial evidence rather than viewing the mosaic as a whole. ECF No. [58] at 13. However, Plaintiff simply re-raises the arguments she made in her initial Response, reiterating that the Court view the evidence differently, which is inappropriate on a motion for reconsideration.

Plaintiff also argues that the Order improperly treated the alleged intervening misconduct as breaking causation as a matter of law. *Id.* at 16. Plaintiff argues that whether the intervening acts of misconduct broke the causal chain is a question of fact for the jury, and the Court misunderstood the law on intervening acts of misconduct. *Id.* at 17. However, Plaintiff fails to cite to any legal authority in support. To the contrary, the weight of authority is clear that courts can find that an intervening act of misconduct severs any causal chain as a matter of law. *See, e.g.*, *Hankins v. AirTran Airways, Inc.*, 237 F. App'x 513, 521 (11th Cir. 2007). Thus, Plaintiff's contention also provides no basis for reconsideration.

Plaintiff further argues that the Court did not adequately consider the August 30, 2023 and September 5, 2023 "escalating complaints," which Plaintiff describes as "outcome-determinative." ECF No. [58] at 12. The Court did not analyze whether these interactions constituted protected activity as Plaintiff did not offer and meaningful argument as to why these interactions constituted protected activity, merely asserting in a conclusory fashion that they did. *See* ECF No. [43] at 5.

Even in the instant Motion, Plaintiff provides no argument for why these complaints do constitute protected activity. ECF No. [58] at 13. However, insofar as the Court did not make a finding regarding the status of these complaints, the Court finds some additional consideration warranted.

As the Court stated in its Order, to establish protected activity under the "opposition clause," a plaintiff must show that she had a good faith and objectively reasonable belief that her employer was engaged in unlawful employment practices. *Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875, 878 (11th Cir. 2005). "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable in light of the facts and record presented*." Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (emphasis in original). "[T]he allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." *Id*.

As such, the inquiry is whether it was reasonable for Plaintiff to attribute her disciplinary history up until August 30, 2023 and September 5, 2023 to discriminatory animus or retaliation. In terms of cognizable adverse employment actions, Plaintiff had experienced being removed from the Field Training Coordinator ("FTC") position. ECF No. [37] at ¶ 23.[2] But as the Court explained in its Order, that removal was preceded by Plaintiff circulating a petition to remove a subordinate, which was contrary to policy, ECF No. [37] at ¶ 26, and, as such, the Miami-Dade Police Department was operating according to policy in disciplining her. Certainly, there was no indication that Defendants took issue with White females, because Jenna Parmentor, a White female sergeant, was—by Plaintiff's admission—treated preferentially. ECF No. [37-2] at 100–

---

[2] Though Plaintiff also alleges disproportionate workload and heightened scrutiny, the Court noted in its Order that only the two Disciplinary Action Reports ("DARs") and Plaintiff's removal from the FTC position constituted adverse employment activity, ECF No. [56] at 34.

01. So even if it could be concluded that Plaintiff's removal from the FTC position was not attributable to the circulation of the petition, there does not appear to be any logical bridge to Plaintiff's race and sex. And in the absence of an objectively reasonable belief that unlawful discrimination or retaliation had occurred, the Court finds that Plaintiff's complaints cannot be considered protected activity. To the extent they were not protected activity, the DAR cannot be considered unlawful retaliation for protected activity.

Thus, having provided additional analysis in this Order, the Court does not find any error in its ultimate conclusion that Plaintiff's discrimination and retaliation claims fail as a matter of law.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Alter or Amend Judgment and for Reconsideration of Order Granting Summary Judgment, **ECF No. [58]**, is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 2, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

11